# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| KATHY OLESINSKI, Individually and on Behalf of All Others Similarly Situated, | Case No.: 20-cv-604 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| REGIONAL FINANCE CORPORATION OF WISCONSIN, d/b/a REGIONAL FINANCE, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* (the "EFTA"), the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA"), and Wisconsin common law.

## JURISDICTION AND VENUE

2. The court has subject matter jurisdiction to grant the relief sought by the Plaintiff pursuant to 12 U.S.C. § 2614, 15 U.S.C. § 1693m, and 28 U.S.C. §§ 1331, 1337, and 1367. The court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1331(d) because this is a class action in which: (1) there are more than one hundred (100) members in the proposed class; (2) various members of the proposed class are citizens of states different from where Defendant is a citizen; and (3) the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.00 in the aggregate.

3. Venue in this District is proper in that Defendant directed its conduct into the District.

## PARTIES

4. Plaintiff Kathy Olesinski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Plaintiff is a "consumer" as defined in the EFTA, 15 U.S.C. § 1693a(6), in that Plaintiff is a natural person.

6. Plaintiff is also a "sender" as defined in Regulation E, 12 C.F.R. § 1005.30(g), in that Plaintiff is a consumer who requested a remittance transfer provider to send a remittance transfer to a designated recipient.

7. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the transaction at issue was a consumer transaction that included an agreement to defer payment.

8. Defendant Regional Finance Corporation of Wisconsin d/b/a Regional Finance ("Regional Finance") is a Wisconsin corporation with its principal offices located at 979 Batesville Road, Suite B, Greer, South Carolina 29651. It is a subsidiary of Regional Management Corp. (NYSE: RM), "a diversified consumer finance company that provides installment loan products primarily to customers with limited access to consumer credit from banks, thrifts, credit card companies, and other lenders."

9. Regional Finance originates and services "subprime" personal loans and secured loans to individuals at high rates of interest.

10. Regional Finance is a designated payee as used in the EFTA, 15 U.S.C. § 1693e(b), in that Regional Finance initiated and received electronic fund transfers from Plaintiff's account that were preauthorized or purportedly preauthorized.

2

11. Regional Finance is in the business of, among other things, originating unsecured personal loans to consumers in the "subprime" market. *See* https://www.regionalfinance.com/about/ ("Through Regional Finance and RMC Retail, our focus is to provide loan products to customers with limited access to credit from traditional lenders. We seek to provide attractive, easy-to-understand loan products that fit within our customers' budgets.") (visited April 10, 2020)

12. On its face, the WCA's regulation of debt collectors applies without distinction to creditors collecting on their own behalf. *See* Wis. Stat. § 427.103(3).

13. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, *directly or indirectly*, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added).

14. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

15. Debt collection includes solicitation of claims regardless of whether the claims are current, delinquent, in default or any other status. Wis. Stat § 427.103(1) ("Claim" means any obligation or alleged obligation arising from a consumer transaction, including a transaction that is primarily for an agricultural purpose.")

16. Regional Finance is a "debt collector" under Wisconsin law, in that it collects consumer debts owed to itself.

17. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

**FACTS**

18. On or about September 19, 2019, Plaintiff obtained a loan from Regional Finance with an Amount Financed of $5,010.00 and an annual interest rate of 34.971% (the "Loan"). The Loan is secured by the title to Plaintiff's automobile.

19. Under the terms of the note, Plaintiff is obligated to pay monthly payments of $208.36 to Regional Finance.

20. Plaintiff obtained the Loan for personal, family, and household purposes. The proceeds were allocated to pay off a prior loan with Regional Finance and other amounts owed to other lenders including Capital One and Mariner Finance.

21. At some point between the Loan's origination and February 17, 2020, Plaintiff requested that Regional Finance set up "AutoPay" electronic funds transfers for the Loan.

22. On February 17, 2020, Regional Finance sent Plaintiff an e-mail notifying Plaintiff that her AutoPay electronic payment of $208.36 would be debited on February 19, 2020. A copy of this e-mail is attached as Exhibit A.

23. On February 19, 2020 or February 20, 2020, Regional Finance initiated *two* electronic fund transfers of $208.36 from Plaintiff's account. One of these transfers was unauthorized. Plaintiff's bank, Tri-City National Bank ("Tri-City"), processed both transfers on February 20, 2020. A copy of a query of Plaintiff's Tri-City bank account generated on February 24, 2020 is attached as Exhibit B.

24. Plaintiff noticed immediately that Regional Finance had debited Plaintiff's account twice. Later on February 20, 2020, Plaintiff submitted a "Written Statement of Unauthorized Debit" at a Tri-City branch. A copy of the Written Statement of Unauthorized Debit is attached as <u>Exhibit C</u>.

25. Tri-City thereafter reversed the second electronic transfer.

26. The unauthorized February 20, 2020 withdrawal caused Plaintiff significant stress and caused her to take time out of her day to travel to a Tri-City branch to have the unauthorized payment reversed. Plaintiff lives on a shoestring budget – at one point in February 2020, the balance of her bank account was less than ten dollars. Unauthorized transfers such as the one described above put Plaintiff at risk of incurring overdraft fees and not being able to afford other payments including rent and utilities.

### *The EFTA*

27. The purpose of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights." 15 U.S.C. § 1693(b).

28. "Electronic funds transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 U.S.C. § 1692a(7).

29. A "preauthorized electronic fund transfer" is defined as "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

5

30. 15 U.S.C. § 1693e(b) provides that "in the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Bureau, of the amount to be transferred and the scheduled date of the transfer."

### *The WCA*

31. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

32. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

33. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

34. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

35. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

36. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

37. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

38. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

39. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

40. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct … in such a manner as can reasonably be expected to threaten or harass the customer."

41. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

42. The Wisconsin Department of Financial Institutions, which is tasked with the regulation of licensed debt collectors, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## **COUNT I – EFTA**

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44. The electronic funds transfer authorization that Plaintiff entered with Regional Finance authorized Regional Finance to initiate an electronic funds transfer, and in the amount of $208.36.

45. 15 U.S.C. § 1693e(b) provides that, "in the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Bureau, of the amount to be transferred and the scheduled date of the transfer."

46. Defendant initiated an additional electronic funds transfers on February 19, 2020 or February 20, 2020 that was not consistent with the electronic funds authorization that Plaintiff entered with Defendant.

47. As a result of this unauthorized transfer, Plaintiff suffered damages including but not limited to emotional distress from her checking account balance being unexpectedly and

improperly reduced and having to travel to a bank branch to have her bank correct Defendant's error.

48. Defendant violated 15 U.S.C. §§ 1693e(b).

## COUNT II -- WCA

49. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

50. Defendant initiated an additional electronic funds transfers on February 19 or 20, 2020 that was not consistent with the electronic funds authorization that Plaintiff entered with Defendant and which Plaintiff had not otherwise authorized.

51. By executing an unauthorized, double-debit transaction from Plaintiff's account, Defendant engaged in conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer.

52. By executing an unauthorized, double-debit transaction from Plaintiff's account, Defendant "enforce[d] a right with knowledge or reason to know that the right does not exist."

53. Defendant violated Wis. Stat. §§ 427.104(1)(g) and 427.104(1)(j).

54. Plaintiff seeks injunction on behalf of herself and on behalf of the general public, enjoining Defendant from engaging in conduct similar to the conduct alleged in this complaint. Wis. Stat. §§ 426.109(1) (authorizing customers to seek injunctive relief), 426.110(1), 4) (authorizing customers to seek injunctive relief "on behalf of himself or herself and all persons similarly situated."); *see also, e.g. Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 824 (9th Cir. 2019); *citing McGill v. Citibank, N.A.,* 2 Cal. 5th 945, 216 Cal. Rptr. 3d 627, 393 P.3d 85 (Cal. 2017).

## COUNT III -- Breach of Contract

55. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

56. Plaintiff and Regional Finance executed an electronic funds transfer authorization agreement.

57. Defendant initiated an additional, unauthorized electronic funds transfer on February 19 or 20, 2020 that was not consistent with the electronic funds authorization that Plaintiffs entered with Defendant.

58. Defendant did not timely refund Plaintiff for the unauthorized transfer or compensate Plaintiff for the consequential damages arising from that unauthorized transfer. Instead, Plaintiff's bank reversed the unauthorized transaction.

59. Defendant did not honor Plaintiff's electronic funds transfer authorization agreement.

60. Plaintiff suffered damages as a result of the breach.

## CLASS ALLEGATIONS

61. Plaintiff brings this action on behalf of two Classes.

62. Class I ("Nationwide Unauthorized Funds Transfer Class") consists of:

    (a) all natural persons in the United States of America, (b) from whom Defendant initiated electronic funds transfers (c) that were inconsistent with the electronic funds transfer authorization executed with the Defendant.

63. Class II ("Wisconsin Unauthorized Funds Transfer Class") consists of:

    (a) all natural persons in the State of Wisconsin, (b) from whom Defendant initiated electronic funds transfers (c) that were inconsistent with the electronic funds transfer authorization executed with the Defendant.

64. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

65. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether Defendant complied with the EFTA, RESPA, and state contract law.

66. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

68. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

69. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) punitive damages;

(d) injunctive relief on behalf of the Plaintiff and on behalf of the general public;

(e) attorneys' fees, litigation expenses and costs of suit; and

(f) such other or further relief as the Court deems proper.

Dated: April 13, 2020

                                    **ADEMI & O'REILLY, LLP**

               By:    /s/ Mark A. Eldridge
                         John D. Blythin (SBN 1046105)
                         Mark A. Eldridge (SBN 1089944)
                         Jesse Fruchter (SBN 1097673)
                         Ben J. Slatky (SBN 1106892)
                         3620 East Layton Avenue
                         Cudahy, WI 53110
                         (414) 482-8000
                         (414) 482-8001 (fax)
                         jblythin@ademilaw.com
                         meldridge@ademilaw.com
                         jfruchter@ademilaw.com
                         bslatky@ademilaw.com